# UNITED STATES DISTRICT COURT

____Eastern____ District of ____Michigan____

UNITED STATES OF AMERICA

v.

__PAUL LUBERTO__
   *Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: __10-20177-1__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that
_____
_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__5/2/2013__
Date

_____
Signature of Judge

U.S. Magistrate Judge Mona K. Majzoub
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Paul Luberto Order of Detention

Defendant was sentenced to 36 months probation on 1/25/2011 following a conviction of Obtaining over $100 in US funds by fraud. Defendant's term of supervision commenced on 10/25/11. Defendant has violated his conditions of probation on multiple occasions, and at the time of his last hearing, Judge Zatkoff ordered ZERO TOLERANCE as a condition of his probation.

Defendant came before the Court today and his supervising officer summarized his allegedly noncompliant behaviors. He was fired from his place of employment and lied to his probation officer about being fired from his job at the Red Smoke BBQ. He was fired for stealing a $1400 check. He then had the stolen $1400 check cashed by a felon/friend of his, Mr. Robert Foster. One condition of Defendant's supervision was that he was not to associate with felons. Defendant, while he was signed out to be at his drug treatment facility, instead went to his church and lied to a secretary there and convinced her to send an email to the financial institution directing the bank to cash the $1400 check which Mr. Foster was soon to bring. Ultimately the stolen check was cashed at a second bank. Mr. Foster has allegedly been receiving cash funds over the past year ($4000) from his the owner of Red Smoke BBQ which funds he has not accounted for to his supervising officer. Defendant also allegedly stalled on a drug test, stated that he would return the next day and drop urine, but failed to return. Defendant has also failed to pay his special assessment obligation.

Defendant is not able to return to CTC because he was picked up on the warrant for his arrest on 4/29/13, and the CTC maintains that he was unaccountable to them while he resided there. Consequently they will not take him back.

Defendant argues for a bond with conditions, and that he be allowed to go home and stay with his wife pending his hearing on May 9 before Judge Zatkoff.

The Government, supported wholeheartedly by Defendant's supervising officer, argues for detention, maintaining that Defendant is unpredictably noncompliant with the conditions of his supervision, due to a combination of his Bi-polar disorder, his cocaine and drug usage, and his manipulative behaviors.

The Court agrees that Defendant cannot be trusted to comply with conditions of bond given that he has failed numerous times to comply with his conditions of supervised release. He apparently makes very poor judgments, whether due to his bi-polar condition, his drug usage, his tendency to manipulate and prevaricate, notwithstanding the ZERO TOLERANCE condition imposed by Judge Zatkoff. He was unaccountable at the half way house, and this Court has no reason to believe that he would be any more accountable if he were released home on bond.

There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.